# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                    Plaintiff,          Case No. 19-20313

v.                                      Judith E. Levy
                                        United States District Judge
Tiffany L. Gaston,

                    Defendant.

_____/

## ORDER DENYING DEFENDANT TIFFANY L. GASTON'S MOTION FOR COMPASSIONATE RELEASE [39]

On November 25, 2019, Defendant Tiffany L. Gaston pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 32, PageID.145.) Defendant was sentenced to 29 months' imprisonment. (*Id.* at PageID.146.)

On May 18, 2020, Defendant moved for compassionate release and/or reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to her by the COVID-19 pandemic

constitutes an "extraordinary and compelling reason" for release. (ECF No. 39.) For the following reasons, Defendant's motion is DENIED.[1]

As an initial matter, the Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to her confinement at Livingston County Jail in Howell, Michigan. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-

---

[1] Before defendants may bring a compassionate release motion to the courts, 18 U.S.C. § 3582(c)(1)(A) requires that defendants either a) apply for release through the Bureau of Prisons and fully exhaust all administrative remedies; or b) wait 30 days after notifying the Warden that they intend to apply for compassionate release. *Id.* Both Defendant and the United States agree that Defendant has exhausted her administrative remedies. (ECF No. 44, PageID.202.) As a pre-designated detainee "in the custody of the United States Marshal, in a local detention center, *i.e.*, Livingston County Jail . . . Gaston is not in BOP's custody [and] the BOP cannot evaluate her for compassionate release . . . . Thus, Gaston has, in effect, exhausted her remedies with the BOP." (*Id.*) Accordingly, the Court proceeds to the merits of Defendant's compassionate release motion.

detention/guidance-correctional-detention.html. Indeed, since the initial confirmed outbreaks in early 2020, Attorney General Barr has directed federal prisons to systematically evaluate and release inmates most at risk from the COVID-19 pandemic. Memorandum for Director of Bureau of Prisons, Att'y Gen. William Barr, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020).

However, Defendant is not one of those most at risk. The compassionate release statute allows the Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define "extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

Defendant argues that she "is suffering from asthma/bronchitis and high blood pressure." (ECF No. 39, PageID.180.) Defendant attached a list of medications that the Livingston County physician prescribed to her, including an albuterol inhaler, to be used "as needed," and Prazosin,

3

which Defendant says is commonly used to treat high blood pressure. (ECF No. 39, PageID.182, 187.) Defendant did not provide a description of her symptoms and did not describe how often she takes her medication. She nevertheless argues that these medical conditions, coupled with her solitary confinement at Livingston County Jail, constitute "extraordinary and compelling reason[s]" requiring compassionate release. (*See id.*)

The Court disagrees. Because the available medical evidence does not support a finding that Defendant's medical conditions increase the likelihood of a dire outcome from COVID-19, Defendant's motion is DENIED for the reasons below.

According to the custodial medical records—the validity of which Defendant did not dispute—Defendant currently suffers from depression and frequent urination, both of which are being controlled with medication. (ECF No. 45, PageID.227, 318.) Neither of these conditions are flagged by the CDC as conditions that place individuals at "higher risk for severe illness [from COVID-19]." Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness* (last reviewed May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. As to Defendant's blood

pressure, it is true that she was prescribed Prazosin, which is occasionally used to treat high blood pressure. (*See* ECF No. 45, PageID.360.) However, Defendant's medical records explicitly state that she was prescribed Prazosin for nightmares, not for high blood pressure. (*Id.*) Indeed, as of August 2019, Defendant's medical records indicate "NO" for "High/low blood pressure." (*Id.* at PageID.226.)

As to Defendant's claim that she has bronchitis and asthma, it is true that the CDC warns that individuals with "moderate to severe asthma" are at "higher risk of getting very sick from COVID-19." *Coronavirus Disease 2019 (COVID-19)*, Centers for Disease Control and Prevention, (Apr. 2, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. However, the available medical evidence does not demonstrate that Defendant's asthma is moderate or severe.

As the undersigned has acknowledged in a previous opinion, the Court has no medical training and therefore "cannot apply traditional modes of statutory interpretation to discern the medical meaning of 'moderate to severe [asthma].'" *Malam et al v. Adducci et al*, Case No. 20-10829, ECF No. 90, PageID.2719 (E.D. Mich. May 23, 2020) (Levy, J.). As

briefed by the parties in *Malam v. Adducci*, and according to the National Asthma Education and Prevention Program Expert Panel Report's Guidelines for the Diagnosis and Management of Asthma,

> Moderate asthma is characterized as daily symptoms, weekly nighttime awakenings, daily use of preventative medication, some limitation with respect to normal activity, and a Forced Expiratory Volume in One Second (FEV) measurement of between sixty and eighty percent of the predicted value. Severe asthma is characterized as symptoms throughout the day, as many as seven nighttime awakenings per week, use of preventative medication several times per day, extreme limitation with respect to normal activity, and an FEV measurement of less than sixty percent of the predicted value.

*Malam*, No. 20-10829, ECF No. 90, PageID.2719-2720.

Though Defendant asserts that she suffers from bronchitis and asthma, she provided no description of her symptoms that could lead the Court to conclude that Defendant's asthma is either "moderate" or "severe." Conversely, the United States provided medical evidence indicating that Defendant's asthma does not reach the threshold of "moderate," let alone "severe." The United States provided the Court with 196 pages of Defendant's custodial medical records, and Defendant did not dispute their validity. According to these records, as of August 2019, a doctor indicated "no" for "Problems breathing/asthma." (ECF No. 45, PageID.225.) On April 12, 2020, shortly before filing this motion,

Defendant requested an inhaler for her asthma. (*Id.* at PageID.368.) The custodial physician, perhaps anticipating a motion such as this one, indicated that "during initial screening patient denied asthma, during extended medical hx patient did not state she had asthma[,] patient educated to be honest with all staff for appropriate medical care." (*Id.*)

The Court has no reason to question Defendant's sincerity in her request for an inhaler, and it is entirely possible that she could have developed bronchitis or asthmatic symptoms in between her August 2019 medical exam and her April 2020 inhaler request. That said, the threshold for "moderate" to "severe" asthma requires more than a showing that an individual requested an inhaler; it requires a showing of "daily symptoms, weekly nighttime awakenings, daily use of preventative medication, some limitation with respect to normal activity," and/or "a Forced Expiratory Volume in One Second (FEV) measurement of between sixty and eighty percent of the predicted value." *Malam*, No. 20-10829, ECF No. 90, PageID.2719-2720. Defendant provided no description of her symptoms and did not describe the way in which her asthma affects her day-to-day life. Nor did she dispute the validity of the medical records, which themselves provide no evidence

7

that Defendant's asthma or bronchitis would increase her likelihood of a dire outcome from contracting COVID-19.

Accordingly, there is insufficient medical evidence that Defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

The Court is concerned about the wellbeing of Defendant, as well as that of all detainees, during this pandemic. However, the Court cannot find that Defendant has demonstrated "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: June 18, 2020               s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2020.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager